Ellsworth M. Dunn v. Commissioner.
Dunn v. Commissioner
Docket No. 39231.
United States Tax Court
1953 Tax Ct. Memo LEXIS 274; 12 T.C.M. (CCH) 454; T.C.M. (RIA) 53146; April 28, 1953
*274 Held, petitioner was not a bona fide resident of the Philippine Islands during the taxable years. Wayne L. Prim, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies in income tax for the years 1948 and 1949 in the respective amounts of $128.31 and $686.13. Petitioner claims he was a bona fide resident of the Philippine Islands during the taxable years and is exempt from tax under the provisions of section 116 (a) (1). [1]
The respondent held petitioner taxable and thus the issue was raised. *275 Petitioner is a safety engineer by profession, who, on April 28, 1947, entered into an agreement with Drake-Utah-Grove Contractors to render services for them on construction work in the Philippine Islands. In May 1947 petitioner traveled to the Philippine Islands, where he was employed on a temporary construction project. Upon completion of the project, petitioner's employment was terminated and he returned to the United States on May 19, 1949. In a letter dated July 8, 1948, petitioner wrote to Johnson, Drake and Piper, Inc., New York City, stating that his contract with Drake-Utah-Grove was completed and he wished to be considered for a position in connection with a contract that firm held for work in Central America. Subsequent to July 8, 1948, petitioner wrote numerous other letters indicating an interest in foreign employment. In none of these letters was mention made of any interest in employment in the Philippine Islands. On his 1948 income tax return petitioner included as taxable income his wages from Drake-Utah-Grove in the amount of $8,665.72, from which sum he deducted $540 as expenses "Away From Home". He also characterized his work as "Temporary Construction *276 Project, Drake-Utah-Grove, P.I." During the month of July 1949, petitioner entered into an employment agreement with another corporation for employment in Okinawa. By reason of a storm occurring in Okinawa, petitioner returned to the United States in August 1949, and between the months of August 1949 and November 1949, he engaged in consulting engineering work in Southern California. In December 1949, petitioner departed from the United States, pursuant to employment with Holmes and Narver, Inc., in the Marshall Islands. Petitioner is currently employed at Port Lyautey, French Morocco. While the instant case presents solely a question of fact, the proven facts are to be interpreted in the light of certain announced precepts. These guiding principles have been dicussed in many cases. See , affd. , certiorari denied ; ; ; . Applying the principles laid down in such cases and analyzing the present meager facts, we are bound to hold that the petitioner was not *277 a bona fide resident of the Philippine Islands during the taxable years. He was a mere transient or sojourner. Cases like ; , and others of like import, in which the taxpayers prevailed, are clearly distinguishable on their facts. Decision will be entered for the respondent. Footnotes
1. SEC. 116. EXCLUSIONS FROM GROSS INCOME. In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter: (a) Earned Income From Sources Without the United States. - (1) Foreign Resident for Entire Taxable Year. - In the case of an individual citizen of the United States, who establishes to the satisfaction of the Commissioner that he is a bona fide resident of a foreign country or countries during the entire taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts constitute earned income as defined in paragraph (3); but such individuals shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.↩